# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 2, 2009

Charles R. Fulbruge III
Clerk

No. 09-50066
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTHUR DAVID PROSKIN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-107-ALL

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Arthur David Proskin pleaded guilty to one count of intimidating a flight attendant in interference with her ability to perform her duties. *See* 49 U.S.C. § 46504. The district court sentenced Proskin to, *inter alia*, 30 months of imprisonment. Proskin appeals his sentence, claiming the district court erred in finding he recklessly endangered the safety of an aircraft, and therefore erred

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in applying Sentencing Guideline § 2A5.2(a)(2) (providing offense level for recklessly endangering the safety of an aircraft, airport, mass transportation vehicle, or mass transportation facility).

Although post-*Booker*, the Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007).

Proskin contends his personality disorder prevented him from forming the recklessness *mens rea*. The district court's finding of recklessness, however, is supported by Proskin's psychological evaluation and is, therefore, plausible in the light of the record as a whole.

Proskin also maintains his behavior did not endanger the safety of the aircraft. The aircraft captain testified that he decided to make an overweight, unscheduled landing (which involved a greater risk to the aircraft and the passengers) because of Proskin's escalating abusive behavior toward the flight attendant and his threat to another passenger's life. The district court did not clearly err in finding Proskin endangered the aircraft's safety. *See United States v. Gonzalez*, 492 F.3d 1031, 1037–38 (9th Cir. 2007), *cert. denied*, 128 S. Ct. 1093 (2008).

AFFIRMED.